IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LEWIS RESORTS, LLC,
*an Oregon Limited Liability Company
doing business as Lost Creek Marina
doing business as Lost Creek Lake and
Marina*,

        Plaintiff,

vs.

STATE OF OREGON, et al.,

        Defendants.

Case No. 1:20-cv-02232-CL

**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff, Lewis Resorts, LLC, brings this action against defendants the "State of Oregon, by and through its Department of Transportation, Parks and Recreation Division"[1] ("Oregon Parks") and the United States Army Corps of Engineers ("Army

---

[1] In 1981, when the underlying Lease Agreement (discussed below) was signed, Oregon Parks and Recreation appears to have been a division of the Oregon Department of Transportation. *See* Doc. 1, Ex. A. It is now its own independent state agency – the Oregon Parks and Recreation Department. *See* Doc. 1, Ex. B.

Page 1 – OPINION AND ORDER

Corps"). Plaintiff operates a marina and other facilities at Joseph Stewart State Park near Shady Cove, Oregon, pursuant to a 1981 Marina Concession Lease agreement ("Lease Agreement") with Oregon Parks" and a 2000 Addendum to that agreement, which extended the lease period an additional twenty years to December 31, 2020. Compl. (doc. 1) ¶¶1–4 and Exs. A–B. Oregon Parks, in turn, leases the park land from Army Corps. As a result, both the 1981 Lease Agreement and the 2000 Addendum were approved by Army Corps. *See* Doc. 1 Exs. A–B.

Plaintiff alleges that State defendants violated the Lease Agreement and 49 C.F.R. § 23, by failing to renew or extend the lease past December 31, 2020. Plaintiff also alleges that Army Corps violated 49 C.F.R. § 23 by failing to notify plaintiff that it had extended its lease with Oregon Parks.

Plaintiff now moves for an *ex parte* temporary restraining order ("TRO")[2] and preliminary injunction "prohibiting Defendants, or any of them from undertaking any action to terminate Plaintiff's existing contract" and "prevent the Government defendants from shutting down [the] business." TRO (doc. 6) at 1, 5. For the reasons below, the motion is DENIED without prejudice.

## LEGAL STANDARD

The "circumstances justifying the issuance of an *ex parte* order are extremely limited" because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both

---

[2] Although the motion itself does not specify the precise nature of the temporary injunctive relief requested, on December 23, 2020, plaintiff's counsel notified the Court to clarify that plaintiff "does not request a hearing and is hopeful the restraining order will be issued without the need for a hearing."

sides of a dispute." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (finding that a temporary restraining order was improperly issued because notice to the adverse party was neither impossible nor would it render the action fruitless). Rule 65 of the Federal Rules of Civil Procedure outlines the "stringent restrictions imposed" for issuing *ex parte* injunctive relief. *Id*.

Courts may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The same general legal standards govern temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking such relief generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22, (2008) (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction). So long as all four parts of the *Winter* test are applied, a preliminary injunction may issue if a plaintiff demonstrates that "there is a likelihood

of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). The court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

## DISCUSSION

Plaintiff's request for an *ex parte* TRO is DENIED. Plaintiff has not served the Complaint and the present motion does not explain or certify in writing was steps plaintiff has taken to notify defendants of the Motion, provide reasons why such notice should not be required, or demonstrate that providing notice is impossible or fruitless. *Reno Air Racing*, 452 F.3d at 1131.

Additionally, plaintiff has failed to demonstrate a likelihood of success, or even serious questions, on the merits. First, plaintiff does not appear to have stated a cognizable claim for relief against Army Corps. Although plaintiff's formal agreements with Oregon Parks were subject to Army Corps approval, Army Corps does not appear to have been a party to those agreements, or to have any obligations under those agreements. Plaintiff's only allegation against Army Corps is that it violated 49 C.F.R. § 23, which is a federal regulation that governs the participation of "Disadvantaged Business Enterprises" in airport concessions and does not appear to provide a private cause of action. *See* 49 C.F.R. § 23.11 (providing that "[t]he compliance and enforcement provisions of part 26 . . . apply to this part); 49 C.F.R. § 26.101 (providing that noncompliance may result in a sanction "by the concerned

operating administration" or "formal enforcement action" by the Secretary of Transportation).

Plaintiff has also failed to demonstrate serious questions on the merits of her claim for "Breach of Lease Agreement and Violation of 49 CFR 23" against Oregon Parks.³  Under paragraph 1(d) of the Lease Agreement, the "Lessee shall have the option, subject to the approval of the Department of the Army, Corps of Engineers, to renew this lease for *one additional period of twenty (20) years* on the terms and conditions set forth herein."  Ex. A (doc. 1) at 2.  Plaintiff and its predecessor in interest, Lost Creek Marina, Inc., received the benefit of that provision when Lost Creek Marina, Inc., and Oregon Parks signed the Addendum in 2000.  Contrary to plaintiff's assertion, nothing in the Lease Agreement or Addendum suggests that plaintiff is entitled to any renewal or extension of the lease beyond December 31, 2020.  Plaintiff also appears to allege that Oregon Parks breached paragraph 7 of the Lease Agreement, which provides a "Minority Business Enterprise (MBE) Policy Statement."  *Id.* at 9–10.  The policy statement expressly applies to "recipients and contractors" involved in "all projects and contracts financed by or through the Oregon Department of Transportation," and does not appear to require Oregon Parks to do anything.  *Id.* at 10 (Lease Agreement ¶7(c) "MBE applicability").  Finally, as discussed above, 49 C.F.R. § 23 does not provide plaintiff with an independent cause of action.

---

³ Plaintiff's second claim seeks damages for lost profits caused by (1) park closures in 2020 due to the COVID-19 pandemic, (2) closure of the docking area in 2020 due of an unsafe cave, and (3) the use of the marina parking lot by firefighting crews in 2017, and, therefore does not provide a basis for preliminary injunctive relief.

Page 5 – OPINION AND ORDER

## CONCLUSION

For the reasons above, plaintiff's motion for an *ex parte* TRO and preliminary injunction (doc. 6) is DENIED with leave to renew as a motion for preliminary injunction once defendants have been served.

IT IS SO ORDERED.

Dated this 23rd day of December 2020.


                                                       _____s/Ann Aiken_____
                                                           Ann Aiken
                                         United States District Judge